SCOTT D. CHENEY (6198)
Assistant Utah Attorney General
SEAN D. REYES (7969)
Utah Attorney General
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
Facsimile: (801) 366-0101
E-mail: scheney@agutah.gov

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| RENE CARDONA, | **MOTION TO DISMISS** |
|---|---|
| Plaintiff, | 2:16-cv-00127 |
| v. | Judge Robert J. Shelby |
| DR. SIDNEY ROBERTS, | |
| Defendant. | |

## **MOTION**

Defendant Sidney Roberts ("Defendant"), by and through counsel Scott D. Cheney, Assistant Attorney General, and pursuant to Fed. R. Civ. P. 12(b)(6), and this Court's July 18, 2017 Order (doc. 15), submit this Motion to Dismiss and Supporting Memorandum.

Defendant Dr. Roberts requests that Plaintiff's Amended Complaint be dismissed with prejudice. Dr. Roberts is entitled to qualified immunity from Plaintiff's constitutional claims.

Because Plaintiff cannot show the violation of a clearly established right, his Complaint fails to state a claim upon which relief can be granted.

## MEMORANDUM

## INTRODUCTION

Plaintiff is an inmate at the Utah State Prison ("USP") suing pursuant to 42 U.S.C. § 1983. He asserts causes of action for cruel and unusual punishment in violation of the Eighth Amendment alleging deliberate indifference to his medical needs. Plaintiff has named USP health care provider, Dr. Sidney Roberts as defendant in this action. Plaintiff concludes in his Complaint that his Eighth Amendment right to be free from cruel and unusual punishment has been violated because he has been denied proper treatment for a "chronic condition." Other than these conclusory allegations, the Complaint is silent to how, when, where, or if Dr. Roberts actually participated in any decision involving medical treatment for Plaintiff's unspecified 'condition.' Accordingly, the Complaint 'fails to state a claim' under Rule 12(b)(6).

Plaintiff's Eighth Amendment claim fails because Dr. Roberts is protected by qualified immunity. The conclusions asserted in the Complaint, even when viewed in light favorable to Plaintiff, do not show a plausible violation of his constitutional rights. Therefore, Plaintiff's Complaint should be dismissed with prejudice as a matter of law.

## LEGAL STANDARDS

### A. Motion to Dismiss

A motion to dismiss - as the one brought here - requires the court to decide whether the factual allegations made in the Complaint, if true, would entitle the plaintiff to some sort of legal remedy and whether, as a matter of law, an affirmative defense or immunity bars Plaintiffs

lawsuit. To state a viable claim "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations." *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007) (quotation omitted). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007). In other words, the complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Id.* Additionally, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). The "requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008).

When deciding a motion to dismiss the court must accept all well-pled facts as true and draw reasonable inferences from those facts in favor of the non-moving party. *Ridge at Red Hawk, L.L.C.*, 493 F.3d at 1177. However, legal conclusions, deductions, and opinions couched as facts are not presumed to be true, and the court must disregard conclusory allegations without supporting factual averments. *See, e.g., Erikson v. Pawnee County Bd. of County Comm.*, 263 F.3d 1151, 1154-55 (10th Cir. 2001). When a civil rights complaint contains only "bare assertions" involving "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," the court considers those assertions conclusory and does not afford

3

them the presumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (quoting *Twombly*, 550 U.S. at 554-55).

Plaintiff's skeletal Complaint makes only "bare assertions" and conclusory allegations. There is not enough alleged to raise Plaintiff's claims above the "speculative level" on this basis alone, Plaintiff's Complaint fails to state a claim and should be dismissed under Rule 12.

### B. Qualified Immunity

Qualified immunity shields government officials who perform discretionary functions from § 1983 damages suits so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Gomes v. Wood*, 451 F.3d 1122, 1134 (10th Cir. 2006) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818) (1982)). Qualified immunity is a rebuttable presumption which, once asserted, shifts the burden to Plaintiff to show (1) that the facts alleged make out a violation of a constitutional right, and (2) that the right was so "clearly established" in the law that a reasonable state official would know his actions violated such constitutional right. *Pearson v. Callahan*, 129 S.Ct. 808, 816 (2009). "If the plaintiff fails to satisfy either part of the two-part inquiry, the court must grant the defendant qualified immunity." *Holland v. Harrington*, 268 F.3d 1179, 1186 (10th Cir. 2001).

The U.S. Supreme Court has held:

> Because qualified immunity is immunity from suit rather than a mere defense to liability it is effectively lost if a case is erroneously permitted to go to trial. Indeed, we have made clear that the driving force behind creation of the qualified immunity doctrine was a desire to ensure that insubstantial claims against government officials will be resolved prior to discovery. Accordingly, we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation.

*Pearson v. Callahan*, 129 S.Ct. 808, 815 (2009) (marks and citations omitted).

Dr. Roberts is entitled to qualified immunity from Plaintiff's lawsuit. As a matter of law, as inmate's disagreement with the medical treatment he has received does not equate to cruel and unusual punishment. As the records Plaintiff attaches to his Complaint show, Plaintiff received medically appropriate treatment from USP. To the extent Dr. Roberts is implicated in the treatment Plaintiff has (or has not) received, his medical decisions were reasonable and professional and do not give rise to a constitutional violation. Dr. Roberts is entitled to qualified immunity and, therefore, Plaintiff's complaint fails to state a claim upon which relief may be granted.

## UNDISPUTED FACTUAL ALLEGATIONS

For purposes of this Motion to Dismiss only, each of the factual allegations made in Plaintiff's Complaint ("Complaint," doc. 5) is deemed accepted as pled. Only those facts most relevant to this Motion are restated below[1]:

1. At all times relevant to this case, Plaintiff Rene Cardona ("Plaintiff") was an inmate at the Utah State Prison.

2. At all times relevant to this case, Dr. Roberts was employed as a USP health care provider.

3. On March 3, 2012, Plaintiff was taken to Intermountain Medical Center Emergency Room as a result of a collapse he suffered. (Pl.'s Ex. 1 at 3).

---

[1] All facts cited have been taken from Plaintiff's Complaint and the Exhibits to the Complaint. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) ("In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits and documents incorporated into the complaint by reference.").

4. Plaintiff's medical records from this visit reveal he had been treated with the medications Cymbalta, Tramadol, Fish oil, Neurontin, Ibuprofen, Metformin, Glipzide, and Levothyroxine. *Id*.

5. Plaintiff was discharged from ER with a diagnosis of numbness and weakness related to neuropathy, chronic lower back pain, a history of diabetes and mild anemia. *Id.*

6. Plaintiff was prescribed Tramadol and Neurontin, as well as a wheelchair until he could walk again. *Id.*

7. Plaintiff was comfortable with this plan. *Id.*

8. Plaintiff now states he has been informed by other USP medical providers "that because of Dr. Sidney Roberts' lack of approval I have been unable to receive the treatment/medication I believe is necessary. . ."[2] (Compl. at 3).

## ARGUMENT

### A. PLAINTIFF HAS FAILED TO STATE A PLAUSIBLE CONSTITUTIONAL CLAIM UPON WHICH RELIEF CAN BE GRANTED.

1. **Plaintiff has failed to plead sufficient facts to support his constitutional claim.**

The Plaintiff's Complaint makes one assertion that USP medical personal have told him that "because of Dr. Sidney Roberts lack of approval I have been unable to receive the treatment/medication I believe is necessary…." (Compl. at 3). Based on that conclusory allegations alone, the Complaint does not contain sufficient factual allegations to allow the court

---

[2] It is unclear whether the Plaintiff is alleging he did not receive the treatment before his March 3, 2012 visit to Intermountain Medical Center or whether he is challenging subsequent treatment. Any claims for events which occurred prior to March 3, 2012 would be barred by the statute of limitations. (This lawsuit was filed March 2, 2016.) See, e.g., *Mismash v. Murray City*, 730 F.2d 1366,1367 (10th Cir. 1984) (concluding that Utah's residual four-year statute of limitations applies to section 1983 claims).

to assume that the Plaintiff's claim is either plausible or entitles him to any relief. To state a proper claim, a complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. 544, 555. "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Id.* Here, Plaintiff fails to allege (let alone show) how. Dr. Roberts has violated any constitutional duty with regard to this claim. The Plaintiff does not describe any specific instances where Dr. Roberts personally denied the Plaintiff's medical requests. Nor does he state what treatment he prefers. Frankly, from the scant allegations of the Complaint, the Defendant is not able to determine whether Plaintiff has exhausted USP administrative remedies or even if the Plaintiff received medical treatment from Dr. Roberts personally at all. He provides no information relating to his ongoing medical needs which would show that his current treatment is either inadequate or unconstitutional.

As noted, Plaintiff's only assertion is that he believes he is being denied the treatment he believes is necessary for his "chronic condition." (Compl. at 5). He admits that his condition has been addressed, but only with ibuprofen which, he claims, inadequately reduces his pain and causes him stomach problems. *Id.* at 6. Plaintiff's attached exhibit shows that USP sent him to IHC emergency room in 2012, but the record does not provide any information as to whether or how Dr. Roberts was personally involved in that treatment or in Plaintiff's treatment since. Nothing in the Complaint mentions Dr. Roberts besides the hearsay assertions that his "lack of approval" stopped the Plaintiff from getting the treatment he wants. Plaintiff does not mention any of the treatments or medications he allegedly requested that Dr. Roberts did not approve. Plaintiff fails to describe any specific instances when Dr. Roberts denied him the treatment he needed. Plaintiff fails to state any of the dates on which the alleged violations occurred.

The medical records attached as Plaintiff's Exhibit 1 show that, after a collapse in 2012 at USP, Plaintiff was promptly taken from the prison to the IHC emergency room where he was treated for an acute exacerbation of his chronic condition. *See Id.* at 8. At IHC, Plaintiff was prescribed medication and a wheelchair until he could walk again. *Id.* Plaintiff's only claim now appears to be while USP has provided ibuprofen for his pain, he alleges that this does not adequately alleviate his pain and causes him stomach problems. (Compl. at 6). Receiving a non-narcotic pain medication instead of more addictive, more potent pain killers is not grounds for constitutional relief.

In the absence of any additional factual allegations, the Complaint does not state plausible claims against Dr. Roberts. Plaintiff cannot sustain his burden under the *Twombly* and *Iqbal* pleading standard and, on that basis alone, the Complaint should be dismissed.

### B. DR. ROBERTS IS ENTITLED TO QUALIFIED IMMUNITY.

#### 1. Dr. Roberts Was Not "Deliberately Indifferent" To Plaintiff's Medical Needs.

Even if the Court concludes the factual allegations of the Complaint are adequate to state a claim, Dr. Roberts is entitled to qualified immunity and dismissal of the Complaint. To support a cognizable Eighth Amendment claim, Plaintiff must allege acts or omissions harmful enough to show deliberate indifference that "can offend evolving standards of decency." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Only deliberate indifference that constitutes the 'unnecessary and wanton infliction of pain,' is proscribed by the Eighth Amendment. *Estelle*, 429 U.S. at 104 (quoting *Gregg v. Georgia*, 428 U.S. 153,182-183 (1976)). Plaintiff must "allege acts or omissions sufficiently harmful to evidence deliberate indifference to *serious* medical needs." *Estelle*, 429 U.S. at 106. Plaintiff must also show that Defendant's actions were more than mere

negligence. "A negligent failure to provide adequate medical care, even to the point of medical malpractice, does not rise to the level of a constitutional violation." *Id.*

The deliberate indifference standard articulated in *Estelle* has an objective component asking whether the alleged deprivation was "sufficiently serious," and a subjective component asking whether the defendant official "knows of and disregards an *excessive* risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The subjective component necessarily questions whether prison officials acted with a "sufficiently culpable state of mind." *Clemmons v. Bohannon*, 956 F.2d 1523, 1525-26 (10th Cir. 1992); *Mitchell v. Maynard*, 80 F.3d 1433, 1444 (10th Cir. 1993); *Handy v. Price*, 996 F.2d 1064, 1067 (10th Cir. 1993). The Tenth Circuit has held that an official's "failure to alleviate a significant risk of which he was unaware, no matter how obvious the risk or how gross his negligence in failing to perceive it, is not an infliction of punishment and therefore not a constitutional violation." *Tafoya v. Salazar,* 516 F.3d 912, 916 (10th Cir. 2008). "[E]ven if a prison official has knowledge of a substantial risk of serious harm to inmates, he is not deliberately indifferent to that risk unless he is aware of and fails to take reasonable steps to alleviate that risk." *Id.* To prevail on his underlying Eighth Amendment claim, Plaintiff must show he suffered from a serious condition that Dr. Roberts knew about and ignored, and that by ignoring Plaintiff's condition, or failing to take reasonable steps to alleviate the risk, Dr. Roberts personally caused Plaintiff serious physical harm or the unnecessary, wanton infliction of pain. Plaintiff's Complaint does not even allege either serious condition or that Dr. Roberts knew about such condition.

Plaintiff's claim fails first because he has not alleged that Dr. Roberts treated him or that Dr. Roberts had the responsibility to approve or disapprove the medications/treatment Plaintiff

believes is necessary. Further, there are no factual allegations which show that the unspecified "condition" Plaintiff complains of was sufficiently serious. Finally, the Complaint is totally bereft of any allegation that Dr. Roberts subjectively knew of and nonetheless disregarded any excessive risk to Plaintiff's health or safety. Even if Dr. Roberts was aware of Plaintiff's symptoms, the Plaintiff must still show that Dr. Roberts deliberately ignored, or acted against Plaintiff's requests without a medically responsible reason. The Complaint plainly does not contain adequate information for the Plaintiff to sustain his burden of showing that Dr. Roberts is not protected by qualified immunity. And, the law shows otherwise.

Where a prisoner has received some medical attention, and the only dispute is over the adequacy of the treatment, courts are generally reluctant to second-guess the professional medical judgment. *See Maez v. Merrill*, No. 2:07-CV-986 TC, 2008 WL 4396011, at *3 (unpublished) (D. Utah September 23, 2008) (quoting *Ferranti v. Moran*, 618 F.2d 888, 891 (1st Cir. 1980); *see also Fitzke v. Chappell*, 468 F.2d 1072, 1076 (6th Cir. 1972). An Eighth Amendment violation occurs only when the medical treatment given an inmate is so grossly incompetent, inadequate or excessive as to "shock the conscience or be intolerable to fundamental fairness." *Whitehead v. Burnside*, No. 10-11911, 2010 WL 4629001, 403 F. App'x 401, 403 (unpublished) (11th Cir. Nov. 17, 2010) (quoting *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986)). The inmate's belief that he should have received different treatment does not establish "deliberate indifference." *Scott v. Gibson*, No. 01-7133, 2002 WL 1019151, 37 F. App'x 422, 423 (unpublished) (10th Cir. May 21, 2002) (citing *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993)) (defendants were not deliberately indifferent to inmate's serious medical needs when the inmate disagreed with the treatment and adequacy of treatment); *Mosley v.*

*Snider*, No. 00-6310, 2001 WL 281213, 10 F. App'x 663, 664-65 (unpublished) (10th Cir. March 22, 2001) (mere disagreement with the prescribed course of treatment did not give rise to an Eighth Amendment claim where physician determined medication was no longer needed and the inmate refused to accept prescribed alternative medication); *Smith v. Marcantonio*, 910 F.2d 500, 502 (8th Cir. 1990) (rejecting prisoner's allegation of deliberate indifference where doctor would not prescribe medications recommended by a different doctor); *Self v. Crum*, 439 F.3d 1227, 1232-33 (10th Cir. 2006) ("[T]he subjective component is not satisfied, absent an extraordinary degree of neglect, where a doctor merely exercises his considered medical judgment. Matters that traditionally fall within the scope of medical judgment are such decisions as whether to consult a specialist . . . [W]here a doctor orders treatment consistent with the symptoms presented and then continues to monitor the patient's condition, an inference of deliberate indifference is unwarranted under our case law."); *Wingfield v. Robinson*, No. 10-cv-01375, 2011 WL 5172567, at *10 (D. Colo. August 10, 2011) (subjective intent for deliberate indifference was not found where defendants responded to grievances, examined plaintiff and prescribed treatment upwards of fifteen times). Applying this "weighing of authority" Plaintiff's belief that his not getting necessary treatment simply does not state a claim.

As noted, Plaintiff's entire claim rests upon the asserted and generic hearsay statements from other USP healthcare providers who allegedly told Plaintiff that he is unable to receive the medical attention he wanted because of Dr. Roberts lack of approval yet Plaintiff states that he is being treated with ibuprofen. Compl. at 3.

In his Complaint, Plaintiff does not assert any specific facts, that, even if accepted as true, would allow the Court to find in his favor. Plaintiff has simply failed to show that Dr. Roberts'

11

alleged "lack of approval" of the treatment Plaintiff wanted, despite the adequate treatment he received, states a constitutional violation. There are a host of medical and/or reasons, safety and security, that Dr. Roberts may have withheld approval for the (yet unspecified) medical treatments Plaintiff here seeks. Regardless, Plaintiff has not even alleged that, such preferable treatments were ever correctly requested. Plaintiff has failed to show that his symptoms required medication stronger than ibuprofen. Plaintiff has failed to show that Dr. Roberts was aware of, but ignored, a serious medical need. Plaintiff has failed to state a claim upon which relief may be granted.

## CONCLUSION

Plaintiff's Complaint does not allege facts sufficient to state a plausible constitutional claim. The allegations Plaintiff does assert do not state a deliberate indifference cause of action. Accordingly, Dr. Roberts is entitled to qualified immunity and dismissal of this lawsuit as a matter of law.

DATED: October 23, 2017

OFFICE OF THE UTAH ATTORNEY GENERAL

/s/ Scott D. Cheney
SCOTT D. CHENEY
Assistant Utah Attorney General
Attorneys for Dr. Roberts

## CERTIFICATE OF MAILING

I certify that on October 23, 2017, I electronically filed the foregoing **MOTION TO DISMISS** using the Court's CM/ECF system. I also certify that a true and correct copy of the foregoing was placed in outgoing, United States mail, marked "Legal Mail," postage prepaid, addressed to the following:

Rene Cardona, #122269
Utah State Prison
PO Box 250
Draper, UT 84020
Pro Se

                /s/ Shykell Ledford