SCOTT D. CHENEY (6198)
Assistant Utah Attorney General
SEAN D. REYES (7969)
Utah Attorney General
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
Facsimile: (801) 366-0101
E-mail: scheney@agutah.gov

*Attorneys for Dr. Roberts*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| RENE CARDONA<br><br>Plaintiff,<br>v.<br><br>DR. SIDNEY ROBERTS,<br><br>Dr. Roberts. | **REPLY MEMROANDUM IN SUPPORT OF DR. ROBERTS' MOTION TO DISMISS**<br><br>Case No. 2:16-cv-00127<br><br>Judge Robert J. Shelby |

On October 20, 2017, Defendant Dr. Sidney Roberts filed his Motion to Dismiss

(Motion) this lawsuit under Rule 12(b)(6). On November 13, Dr. Roberts received a copy of

Plaintiff's "Response to Motion to Dismiss" (Doc. 20) ("Response") which was filed with the

Court on the same day.

## INTRODUCTION

Dr. Roberts moved for dismissal because Plaintiff's Complaint lacks any factual allegations showing that Dr. Roberts treated Plaintiff or had any supervisory role over those medical staff who did provide Plaintiff medical care at USP.

The Complaint fails to state a plausible deliberate indifference claim, and even if the Court liberally construes the Complaint, Dr. Roberts is still entitled to qualified immunity.

Plaintiff has responded opposing Dr. Roberts' assertion of qualified immunity, but Plaintiff's Response does not otherwise address the bases for dismissal. The Response does not augment or amend the Complaint, and does not rectify the lack of affirmative allegations in the Complaint. The Complaint simply does not meet the pleading standard, and, even if the court liberally construes the Complaint, it does not state a plausible 8th Amendment claim. Therefore, as a matter of law, the Complaint fails to state a claim and should be dismissed under Rule 12(b)(6).

## ARGUMENT

**1. Nothing in Plaintiff's Response rectifies the absence in the Complaint of any factual allegations supporting Plaintiff's claim.**

Even if the pleadings are liberally construed, Plaintiff has failed to state a plausible constitutional violation upon which relief may be granted. Both the Complaint and Plaintiff's Response allege only that he was told by unidentified USP medical personnel that he would not be prescribed stronger opioid pain medication for his back pain because he had not obtained approval from Dr. Roberts. Compl. at 3, Doc. 5. There are no allegations that, as of 2015, Plaintiff's medical needs were objectively serious enough to require treatment, nor does the Complaint allege Dr. Roberts subjectively knew of Plaintiff's medical needs. As such, Dr.

Roberts's Motion should be granted. The Complaint does not even contain "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

While the Court may liberally construe a pro se litigant's pleadings, they must still "comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994). As such, a plaintiff must still "explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated" in order to establish a claim for relief. *United States v. Celio*, 388 F.App'x 758, 761 (10th Cir. 2010). "A pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff states in his Response that Dr. Roberts "failed to admit or deny the allegations asserted against Dr. Roberts for the year of 2015." Response at 3. That may be accurate, but only because the Complaint does not specifically assert any factual allegations relating to conduct occurring in 2015. As noted, the Complaint offers nothing more than "unadorned the-defendant-unlawfully-harmed-me accusations" of word-of-mouth representations that, at some point in time, Dr. Roberts allegedly did not approve the prescription of narcotic medication Plaintiff wanted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is not enough to sustain this lawsuit. On a motion under Rule 12, the court must rely on the allegations of the Complaint. "Plaintiff's

3

memorandum in opposition to the motion to dismiss is not part of the complaint and cannot supplement or amend it." *Appfel v. Huddleston*, 50 F.Supp.2d 1129, 1133 (D.Utah 1999)

The Complaint, on its face, does not meet the simple pleading standard, and Plaintiff's response does not clarify or rectify the insufficiency of the Complaint. Therefore, dismissal under Rule 12(b)(6) is appropriate.

**2. Dr. Roberts is entitled to qualified immunity because he was acting within his discretionary function as a medical provider and was not deliberately indifferent to any of Plaintiff's medical needs.**

Qualified immunity may be denied if, on an objective basis, it is obvious that no reasonably competent official would have concluded that the actions were constitutional. *Malley v. Briggs*, 475 U.S. 335, 341 (1986). But "'if [officials] of reasonable competence could disagree' about the lawfulness of the challenged conduct, then '[qualified] immunity should be recognized.'" *Gomes*, 451 F.3d at 1136 (quoting *Malley*, 475 U.S. at 341). Here, Dr. Roberts is entitled to dismissal of Plaintiff's claims because Plaintiff cannot meet his burden of showing that Dr. Roberts is not entitled to qualified immunity from his 42 U.S.C. § 1983 claim.

In his Response, Plaintiff disputes Dr. Roberts's qualified immunity claim and argues that Dr. Roberts acted in a manner "incompatible with the evolving standards of decency" under the 8th Amendment. *See* Response 2-3. Plaintiff claims that Dr. Roberts "nullified his immunity. . .on the basis of the assumption of risk doctrine." *Id*. at 3. Plaintiff cites to the Supreme Court's decision in *Harlow v. Fitzgerald* which held that government officials are protected from civil liability for performance of discretionary functions so long as they do not violate "clearly established statutory or constitutional rights." 457 U.S. 800, 818. Plaintiff, however, does not cite any precedent showing that Dr. Roberts violated any such rights here. At best, in his Response,

4

Plaintiff only refers to cases that state a general statement of the elements of an 8th Amendment claim. As noted, such minimal recitation of the elements "will not do." *Twombly*, 550 U.S. at 555. To overcome a qualified immunity defense on an inadequate medical care claim, the Plaintiff must show the prison official's deliberate indifference to the serious medical needs of prisoners in their custody. *Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999). This requires a plaintiff to show the defendant "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). As noted, Plaintiff's Complaint makes no such allegations.

To state a claim for deliberate indifference, Plaintiff must first allege enough facts to show that his medical needs are objectively serious enough to require a doctor's attention. *Blackmon v. Sutton*, 734 F.3d 1237 (10th Cir. 2013). While no one disputes that pain may, in some instances, reach the threshold of objective seriousness, (*See Al-Turki v. Robinson*, 762 F.3d 1188, 1193 (10th Cir. 2014) (kidney stone pain is objectively serious)) Plaintiff fails to establish that he had ongoing serious medical needs, or more importantly, that his needs were not being adequately addressed.[1]

Plaintiff must also show that Dr. Roberts knew of, and disregarded an excessive risk of, serious harm likely to result from not prescribing narcotic pain medications when Plaintiff was receiving approved, yet non-addictive, pain treatment. Compl. at 6. *See, Sparks v. Singh*, 690 F.App'x 598, 604 (10th Cir. 2017). "Our case law firmly establishes that the subjective component is not satisfied, absent an extraordinary degree of neglect, where a doctor merely exercises his considered medical judgment." *Heidtke v. Corr. Corp. of Am.*, 489 F.App'x 275,

---

[1] In fact, the medical records attached to the Complaint (doc. 5-1) show Plaintiff received adequate medical treatment for his condition in 2012.

5

280 (10th Cir. 2012). Even the most liberal construction of Plaintiff's Complaint cannot meet this prong. Nothing in the Complaint alleges that Dr. Roberts knew of Plaintiff's medical condition. The Complaint does not allege that Plaintiff was ever seen or treated by Dr. Roberts. And Plaintiff does not even allege any supervisory role.

Assuming for the sake of argument that Dr. Roberts did deny Plaintiff's request for stronger medication, this still would not violate any of Plaintiff's statutory or constitutional rights because Plaintiff admits that he was receiving treatment and ibuprofen for his pain. Compl. at 6. Prescribing ibuprofen for post-surgical pain rather than alternative medications does not constitute deliberate indifference in most circumstances. *Vreeland v. Fisher*, 682 F.App'x 642, 649 (10th Cir. 2017); *See also White v. Kansas Dept. of Corrections*, 664 F.App'x. 734, 741 (10th Cir. 2016) ("The complaint simply states his disagreement with the prescribed course and speed of medical treatment; even construing his allegations liberally, they amount only to bare and unsupported conclusions that he was denied adequate medical care").

There are many medical reasons an inmate's request for a particular pain medication may be denied. No unconstitutional motive is asserted here. At best, Plaintiff claims Dr. Roberts declined to prescribe the type of pain medication Plaintiff wanted. Dr. Roberts' unpled supervisory status is not enough to hold him liable under section 1983 claims without additional factual allegations that would allow the Court to infer that Dr. Roberts was affirmatively involved in the denial of additional medically necessary treatment. Plaintiff simply concludes, without details of when, where, or how, that Dr. Roberts "failed to measure up to the evolving standards of decency" but in no way describes how he did so. Response at 2. Such conclusory

statements do not suffice to state a plausible claim, nor do they rebut qualified immunity. Dr. Roberts is therefore entitled to judgment as a matter of law.

## CONCLUSION

Plaintiff cannot meet his burden of stating a plausible claim, let alone a showing of an Eighth Amendment violation. Defendant Dr. Roberts is entitled to qualified immunity. Plaintiff has failed to state a claim and dismissal of Plaintiff's Complaint, with prejudice, is justified as a matter of law.

DATED this 27th day of November 2017.

                                            Office of the Utah Attorney General

                                            /s/Scott D. Cheney
                                            SCOTT D. CHENEY
                                            Assistant Utah Attorney General
                                            *Attorneys for Dr. Roberts*

## CERTIFICATE OF MAILING

I certify that on November 27, 2017, I electronically filed the foregoing **REPLY MEMORANDUM IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS**, using the Court's CM/ECF system. I also certify that a true and correct copy of the foregoing was placed in outgoing United States mail, postage prepaid, marked "Legal Mail", addressed to:

Rene Cardona, #122269
Utah State Prison
PO Box 250
Draper, UT 84020
Pro Se

                                            /s/ Shykell Ledford